A. BARTON HEPBURN, as Receiver, etc., Appellant, *v.* WILLIAM
H. MONTGOMERY, et al., Respondents.

*Same* appellant v. *Same* respondents.

*Same* appellant v. *Same* respondents.

(Argued June 5, 1884 ; decided October 7, 1884.)

These actions were brought by plaintiff, as receiver of the
Continental Life Insurance Company.

Actions numbers one and two were to foreclose mortgages,
executed by defendant. In these he interposed as a counter-claim
an alleged indebtedness of the company to him as its agent for
commissions in pursuance of an agreement with the company.
As to this the court says :

" We are of opinion that the counter-claims in actions num-
bers one and two fall within the principle of the cases of

*People* v. *Globe Mutual Life Insurance Co.* (91 N. Y. 174) and *Attorney-General* v. *Continental Life Insurance Co., In re claim of Jewell* (93 id. 630), that the agreement of the company to pay commissions on renewals was impliedly conditioned upon the continued existence of the company and its ability to renew policies and receive premiums thereon, and was terminated by its dissolution ; that the right and power of the company to receive premiums having been destroyed by the lawful action of the officers of the State, no commissions on such premiums could thereafter become due to the defendant Montgomery, and consequently his right to elect to commute for a gross sum for commissions to become due terminated, and the obligation of the company to pay either the commissions, or a gross sum in lieu thereof, ceased."

As to action number three the court says :

" In action number three there is no sufficient exception to raise any question. The only exception is ' to each of the conclusions of law filed, etc., and marked ' third,' the finding marked ' third' does not distinguish between matters of fact and matters of law. It is a mixed finding, embracing both ; and the exception points to no particular finding or conclusion claimed to be erroneous as matter of law. This exception is too general to be available. ( *Ward* v. *Craig*, 87 N. Y. 550.)"

*John C. Keeler* for appellant.

*John M. Dunning* for respondents.

RAPALLO, J., reads for reversal and new trial in actions numbers one and two, and for affirmance in number three.

All concur.

Judgments accordingly.